## IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

**DON M. HAYES AND ELAINE V. HAYES,**
**ADMINISTRATORS OF THE ESTATE**
**OF EDWARD C. HAYES,**

    **PLAINTIFFS,**

**V.**

**CITY OF COLUMBUS,**                **CASE NO.**
**CITY HALL**
**90 WEST BROAD STREET**      **JUDGE**
**COLUMBUS, OHIO 43215,**

**AND**

**CITY OF COLUMBUS, DIVISION**
**OF POLICE**
**120 MARCONI BLVD.**
**COLUMBUS, OHIO 43215**

**AND**

**FREDERICK HANNAH,**
**COLUMBUS POLICE DEPT.**
**120 MARCONI BLVD.**
**COLUMBUS, OHIO 43215**      **JURY DEMAND ENDORSED**

**AND**                            **HEREIN**

**JOHN DOE # 1,**
**COLUMBUS POLICE DEPT.**
**120 MARCONI BLVD.**
**COLUMBUS, OHIO 43215,**

**AND**

**JOHN DOE #2,**
**COLUMBUS POLICE DEPT.**
**120 MARCONI BLVD.**
**COLUMBUS, OHIO 43215,**

**AND**

**JANE DOE #1**
**COLUMBUS POLICE DEPT.**
**120 MARCONI BLVD.**
**COLUMBUS, OHIO 43215,**

**DEFENDANTS.**

## COMPLAINT

1.    The Plaintiff is the deceased Edward C. Hayes, the Estate of Edward C. Hayes

and/or Administrators Don M. Hayes and Elaine V. Hayes, hereafter referred to

jointly, severely, and individually as Plaintiffs.

2.    The deceased was and is Edward C. Hayes, hereafter referred to as the deceased.

3.    The Defendants are Columbus police officer Frederick Hannah, John Doe Police

officer #1, John Doe Police officer #2, Jane Doe Police officer #1, the City of

Columbus, and City of Columbus, Division of Police, hereafter referred to

jointly, severely, and individually as Defendants.

4.    The Defendant police officers are being sued in both their personal and official

capacities.

5.    At all times relevant, the Defendants were employed by the Defendant, City of

Columbus, and/or City of Columbus, Division of Police.

6.    At all times relevant, the Defendants were under the direction and control of

Defendants, City of Columbus, and/or City of Columbus, Division of Police and

acting in accordance with their policies, procedures, customs, practices and rules

and/or lack of the aforementioned.

7.    The Defendants, City of Columbus, and/or City of Columbus, Division of Police,

at all times relevant, employed the Defendant police officers exercised and/or had

control of said Defendants as agents, servants and employees. Said control
included, but was not limited to hiring, commanding, supervising, firing,
disciplining, educating, reeducating, demoting and reassigning.

8.      At all times relevant, the Defendants actions took place within Franklin County,
        Ohio.

9.      Upon information and belief, on or about June 6, 2008, the deceased Edward C.
        Hayes was in or around a motor vehicle with 3 friends around the area of Mt.
        Vernon Ave and Wespot Drive within the City of Columbus.

10.     Upon information and belief, the deceased was in Columbus, Ohio from New
        Orleans, Louisiana to attend the graduation ceremony of a relative.

11.     Upon information and belief, the deceased and his friends were doing nothing
        overtly which would warrant a reasonable police officer to stop, search, detain or
        arrest a citizen within the State of Ohio and/or of the United States.

12.     Upon information and belief, the Defendants, however acting in a proactive
        manner wanted to stop and investigate the four men on the hunch they might have
        guns or drugs with them. Upon information and belief this is a regular and usual
        method and procedure of the City of Columbus, Division of Police and its servant
        officers, especially in ethnic, racial and poorer neighborhoods.

13.     Upon information and belief, Defendant Hannah and several fellow officers
        approached the deceased and his friends to investigate and search them.

14.     Upon information and belief, Defendant Hannah and his fellow officers, with
        guns drawn approached the four men even though they had witnessed no crime or
        wrong doing.

15.     The unprovoked and aggressive approach by the Defendant and his fellow officers
        toward the four men scared the deceased and he ran from the area with the
        overzealous Defendant Hannah, gun drawn in pursuit.

16.     Upon information and belief, while pursuing the deceased who was fleeing,
        Defendant Hannah decided to shoot and kill the deceased for running away and
        not allowing the Defendants to search and question him.

17.     Upon information and belief, the deceased while running away was shot by
        Defendant Hannah in the back while pleading to Hannah "please don't shoot me".

18.     Upon information and belief Defendant Hannah and other unknown Defendants
        while the deceased was still alive, picked him up by the belt and dropped him,
        kicked him in the head and handcuffed his semi-lifeless body.

19.     Upon information and belief the deceased Edward C. Hayes lived for a short
        period of time only to die while with medics and/or at the hospital.

20.     The death of the decedent was wrongful and the force used by the Defendants in
        their attempts to stop, apprehend, and/or subdue the decedent was excessive.

21.     Upon information and belief, the Defendants in an attempt to stop and/or arrest
        the decedent and/or in frustration at not being able to stop and/or arrest the
        decedent for unknown crimes and without probable cause, shot and killed the
        deceased, Edward C. Hayes.

22.     Said behavior of the Defendants was knowingly, purposeful, willful, wanton,
        malicious, and/or reckless and/or grossly negligent.

23.     As a direct and proximate cause of the Defendants wrongful actions Edward C.
        Hayes lost his life.

24. The deceased Edward C. Hayes was 31 years old when the Defendants shot and killed him.

25. The actions of the Defendants constitute assault, battery, manslaughter, murder and wrongful death.

26. Edward C. Hayes' life expectancy at the time of his death was 47 years.

27. The deceased had parents and children who depended upon him for love, companionship, support, care, assistance, protection, advice, counsel, education, and other services and things a son provides parents and a father provides children.

28. As a direct and proximate cause of the Defendants actions Edward C. Hayes suffered fright, terror, assault, battery, pain, suffering and death.

29. As a direct and proximate cause of the Defendants actions Edward C. Hayes lost his life and all that goes with it for 47 years.

30. As a direct and proximate cause of the Defendants actions the Plaintiff, Estate/Executor of the Estate, the Deceased parents, and his children have suffered losses, damages and injury.

31. The aforementioned actions of the Defendants constitute a conscious disregard of the emotions of the Plaintiffs, as said Defendants did, pursuant to the aforementioned facts, purposely, intentionally and recklessly inflict emotional distress upon the Plaintiffs.

32. As a direct and proximate cause the aforementioned actions of the Defendants, upon information and belief, the Plaintiffs, have suffered severe emotional stress, mental anguish, anxiety, distress, depression, fear, terror and hopelessness and

other related damages and injuries.

33.     As a direct and proximate cause of the actions of the Defendants, the Plaintiffs

have suffered damages.

**WHEREFORE**, the Plaintiffs demand from the Defendants compensatory damages in an

amount which will fairly compensate the Plaintiffs in excess of Twenty-Five Thousand Dollars

($25,000.00), punitive damages in an amount, which will sufficiently punish the Defendants in

excess of Twenty-Five Thousand Dollars($25,000.00), attorneys fees, costs for bringing this

action and any other relief that the Plaintiffs are entitled to in law or in equity and/or that this

Court deems appropriate and proper in this matter.

Respectfully submitted,

W. Jeffrey Moore (0023429)
Moore & Yaklevich
326 S. High Street, Ste. 300
Columbus, Ohio 43215
Phone:    (614) 222-0509
Fax:      (614) 241-5909
Counsel for Plaintiffs

## **JURY DEMAND**

The Plaintiff hereby demands a Jury Trial in this matter.

Respectfully submitted,

W. Jeffrey Moore, Esq. (0023429)
Counsel for Plaintiffs